MHN

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 10 CR 63 |
| v. ) | |
| ) | Judge Harry D. Leinenweber |
| IVAN AGUERO, ) | |
| also known as ("aka") "Pelon" and "Flaco" ) | |

## PROTECTIVE ORDER TO PRESERVE
## PROPERTY SUBJECT TO FORFEITURE

This matter comes before the Court on the application of the United States for entry of an order allowing the Government to maintain custody of certain property to preserve the property for forfeiture, and the Court being fully advised finds as follows:

(a) On January 28, 2010, agents of the Drug Enforcement Administration ("DEA") seized property for the purpose of initiating administrative forfeiture proceedings. Upon the execution of several arrest and search warrants, DEA agents seized certain property, including but not limited to:

(1) $120,380 in United States currency;

(2) 2004 Hummer H2, VIN 5GRGN23UX4h106634;

(3) 2006 Hummer H2, VIN 5GRGN22U26H103215; and

(4) 9 pieces of jewelry seized from 7851 Cronin Avenue, Apt. 1N, Justice, Illinois, on or about January 28, 2010;

(b) Written notice of the DEA's intention to forfeit the foregoing funds, vehicles and jewelry was sent to all interested parties, as required by Title 18, United States Code, Section 983(a)(1)(A);

(c)     On or about April 5, 2010, defendant IVAN AGUERO filed claims to contest DEA's administrative forfeiture of the aforementioned property. On April 9, 2010, DEA referred the case to the United States Attorney's Office to commence a civil forfeiture action pursuant to the provisions of 21 U.S.C. § 881(a)(6);

(d)     On April 22, 2010, an indictment was returned charging defendant IVAN AGUERO and others, with violations of the Controlled Substances Act pursuant to the provision of 21 U.S.C. §§ 846, 841(a)(1) and 843(b). The indictment sought forfeiture of certain assets, including the foregoing funds, vehicles and jewelry, because there is probable cause to believe that this property constitutes and was derived from any proceeds defendant IVAN AGUERO obtained, directly and indirectly, as a result of the said violations, and was property used or intended to be used, in any manner or part, to commit and facilitate the commission of the offenses;

(e)     Because the indictment was returned seeking the forfeiture of the property that constitutes proceeds of the defendant's narcotics trafficking activities or property that was used or intended to be used to facilitate the defendant's narcotics trafficking activities, it has been determined that the United States intends to proceed against the foregoing property pursuant to the provisions of 21 U.S.C. § 853, in lieu of commencing a civil forfeiture action against the property;

(f)     Since the property is alleged to be subject to forfeiture upon the conviction of the defendant IVAN AGUERO and others, the government requests entry of this order to preserve and protect the property so that it is ultimately available to satisfy any forfeiture judgment entered by the Court at the time of sentencing. Specifically, 18 U.S.C. § 983(a)(3)(B)(ii)(II) provides that when the Government chooses to forfeit property that has been seized for civil forfeiture proceedings, it must

"take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute if a claim has been filed.

(g) The property identified in the indictment is alleged to be subject to forfeiture pursuant to Title 21, United States Code, Section 853(a)(1) and (2). Title 21, United States Code, Section 853(e) provides in pertinent part:

> (1) Upon application of the United States, the court may enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property ... for forfeiture under this section–

(h) Because the property is in the custody of the United States, and the grand jury has determined that there is probable cause to believe that the property is subject to forfeiture, an order must be entered pursuant to 21 U.S.C. § 853(e)(1) to preserve the availability of the property for forfeiture;

(i) In order to ensure that the property is available for forfeiture proceedings, the United States shall maintain custody of this property. If these seized funds, vehicles and jewelry are transferred or concealed, it will be difficult, if not impossible, to trace these funds, vehicles and jewelry. Further, upon entry of a forfeiture judgment, considering the character of this property, they will not be available to satisfy any forfeiture judgment entered at the time of sentencing;

Accordingly, it is hereby ORDERED, DIRECTED and ADJUDGED

1. That pursuant to 21 U.S.C.§ 853(e)(1), the following property shall be maintained by the United States through the conclusion of the pending criminal case to preserve the property so that it is available to satisfy the forfeiture liability of the defendants:

   (a) $120,380 in United States currency;

(b) 2004 Hummer H2, VIN 5GRGN23UX4h106634;

(c) 2006 Hummer H2, VIN 5GRGN22U26H103215; and

(d) 9 pieces of jewelry seized from 7851 Cronin Avenue, Apt 1N, Justice, Illinois on or about January 28, 2010.

ENTER:

HARRY D. LEINENWEBER
United States District Judge

Date: 7/22/2010

4